PEOPLE *v.* PIECHOWIAK.

1. Criminal Law—Withdrawal of Plea of Guilty—Waiver of Examination.

A plea of guilty may be withdrawn at any time before sentence especially where an examination has been waived and no informative court-recorded evidence is available.

2. Same—Embezzlement—Change of Plea.

In prosecution for embezzlement and larceny where defendant bookkeeper waived examination and stood mute upon arraignment in circuit court but later voluntarily appeared with his then attorney and pleaded guilty to embezzlement upon representation of attorney that by plea of guilty either sentence would be suspended or he would be put upon probation and that if he stood trial and was convicted, he would, no doubt, be sentenced to a long term, the denial of motion to withdraw plea of guilty, enter plea of not guilty and have trial upon his assertion of innocence, *held*, error.

Appeal from Bay; Houghton (Samuel G.), J. Submitted October 15, 1936. (Docket No. 120, Calendar No. 38,938.) Decided December 28, 1936.

Leo A. Piechowiak was charged with embezzlement. From order denying motion to withdraw plea of guilty and enter one of not guilty, defendant appeals. Reversed, plea ordered changed and trial ordered.

*Robert J. Curry,* for defendant.

*David H. Crowley,* Attorney General, *Bernard S. Frasik,* Prosecuting Attorney, and *Lloyd W. Bartlett,* Assistant Prosecuting Attorney, for the People.

WIEST, J. Defendant pleaded guilty to two counts in an information charging him with the crime of embezzlement and, when called to appear for sentence, asked leave to change his plea to not guilty. The court, upon a hearing, refused the request, passed sentence and defendant prosecutes review, claiming an abuse of discretion.

For many years defendant was bookkeeper for the Alert Pipe & Supply Company at Bay City, and the prosecution was for money claimed to have been taken by him and concealed by false entries.

April 9, 1935, upon complaint and warrant charging him with embezzlement and larceny, he was arrested, taken before a magistrate, waived an examination and was bound over to the circuit court to answer to an information. On May 18, 1935, when arraigned in the circuit court upon an information charging embezzlement and larceny he stood mute, a plea of not guilty was entered by the court and defendant released from custody pending trial. June 13, 1935, he appeared voluntarily in court with his then attorney, pleaded guilty to the charge of embezzlement and sentence was deferred. Later he was ordered to appear on October 12, 1935, for sentence and on that day he filed a motion for leave to withdraw the plea of guilty, enter a plea of not guilty and have a trial, asserting his innocence. He claimed that he had not taken any money not rightfully belonging to him. He also claimed:

"That he was naturally disturbed when arrested and charged with the offense of embezzlement; that he was advised to plead guilty and was advised that it would be impossible for him to establish his innocence upon a trial, and that he was advised that if he plead guilty, sentence would be either suspended or he would be put upon probation, and that if he

stood trial and was convicted he would, no doubt, be sentenced to a long term of imprisonment. * * *

"That he informed the attorneys who have represented him that he was innocent; that he has never admitted to any one that he was guilty, and that the fact is that he actually is not guilty of embezzlement, or any other crime; that following the advice given him, he permitted and allowed a plea of guilty to be entered; that he, himself, has had no direct assurances from the court or from the prosecuting attorney that sentence would be suspended, or that he would be put upon probation; that he has had time to reflect upon the course taken by him in permitting and allowing said plea of guilty to be entered and that he feels that if said plea of guilty stands he will have done a grave injustice to himself and to his family, and that a grave injustice will have been done to him; that, being entirely innocent in the matter, he prefers to stand trial and accept whatever consequences may ensue."

He also claimed that the prosecution was launched through ill-will toward him by one of his employers and that the false book entries covered money withdrawn by his superior. The counter-showing was of claimed admissions of guilt to several persons and of use of the money by him in trying to be a "good fellow," and his endeavors to raise money to make restitution.

We have given the showing and counter-showing consideration and entertain the opinion that defendant should have leave to withdraw the plea of guilty. A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examination has been waived and, therefore, no informative court-recorded evidence is available. The plea admitted

guilt but the affidavit in support of the denied motion averred innocence and the issue of fact should be open to proofs upon a trial.

The sentence is vacated and the case remanded to the circuit court with direction to permit defendant to withdraw the plea of guilty and plead not guilty and have trial.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.