### GENESEE PROSECUTOR *v* GENESEE CIRCUIT JUDGE

1. Courts—Constitutional Law—Court Rules—Superintending Control—Certiorari—Mandamus—Prohibition.

   The Michigan Supreme Court, pursuant to the Constitution, adopted a court rule for an order of superintending control, which supersedes the writs of *certiorari*, mandamus, and prohibition, providing one simplified procedure for reviewing or supervising the actions of lower courts and tribunals (GCR 1963, 711.).

2. Courts—Superintending Control—Mandamus.

   The order of superintending control embraces the functions of the former writ of mandamus; the process is not, properly speaking, an appeal; it is rather a whole new lawsuit, with different parties and different purposes (GCR 1963, 711).

3. Courts—Superintending Control—Court Rules—Court of Appeals—Supreme Court—Inferior Courts—Inferior Tribunals—Constitutional Law.

   The Michigan Supreme Court has by court rule provided that the Michigan Court of Appeals has the power to issue superintending control orders which are in the nature of *certiorari*, mandamus and prohibition; this superintending control has nothing to do with the general supervisory superintending

---

References for Points in Headnotes
[1–6]  42 Am Jur, Prohibition § 1 *et seq.*
14 Am Jur 2d, Certiorari § 1 *et seq.*
20 Am Jur 2d, Courts § 111 *et seq.*
52 Am Jur 2d, Mandamus § 1 *et seq.*
[7–9]  42 Am Jur, Prosecuting Attorneys § 2 *et seq.*
[10]  7 Am Jur 2d, Automobiles and Highway Traffic § 303 *et seq.*
21 Am Jur 2d, Criminal Law § 185 *et seq.*

control over all courts given to the Michigan Supreme Court by the Michigan Constitution of 1963 or the supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the Michigan Supreme Court given the circuit courts by the Michigan Constitution of 1963; no general control of inferior courts exists in the Michigan Court of Appeals (Const 1963, art 6, §§ 4, 13; GCR 1963, 711).

4. Courts—Superintending Control—Indictment and Information—Plea of Guilty—Certiorari—Mandamus—Prohibition.

Complaint by a prosecuting attorney for superintending control against a circuit judge charging that the judge acted without authority in accepting, over the objection of the prosecutor, a plea of guilty to an offense not charged by the people or included within the offense charged in the information would lie whether the action is viewed in the nature of *certiorari*, mandamus, or prohibition.

5. Courts—Superintending Control—Discretion.

Complaint for superintending control may be used to review an exercise of discretion where it is unquestioned that the judge had the power to exercise some discretion; therefore, a *fortiori*, the complaint may be used to review the action of a lower court when it is claimed that the court lacked the power to exercise *any* discretion with respect to the ruling in question.

6. Courts—Superintending Control—Indictment and Information—Plea of Guilty—Jurisdiction—Court of Appeals—Supreme Court—Constitutional Law.

Michigan Court of Appeals had jurisdiction for the purpose of determining whether the trial judge acted without jurisdiction or in excess of jurisdiction to entertain a complaint by a prosecuting attorney for superintending control against a circuit judge charging that the judge acted without authority in accepting, over the objection of the prosecutor, a plea of guilty to an offense not charged by the people or included within the offense charged in the information; where the case is properly before the Michigan Supreme Court jurisdiction is retained under its constitutional power of superintendence (Const 1963, art 6, § 4).

7. District and Prosecuting Attorneys—Constitutional Office—Conduct of Prosecution—Executive Act.

The prosecutor is a constitutional officer whose duties are as provided by law; the conduct of a prosecution on behalf of the

people by the prosecutor is an executive act (Const 1963, art 7, § 4).

8. District and Prosecuting Attorneys—Criminal Law—Discretion.

The prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted.

9. Criminal Law — Judges — Executive Function — Prosecutor's Duties — Separation of Powers — Fair Play.

Trial judge who assumed the right, over the objection of the prosecutor, to determine under which of two applicable statutes a prosecution will be instituted acted without authority because such determination is an executive function and a part of the duties of the prosecutor; for the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers and also violates the fundamental sense of fair play (Const 1963, art 3, § 2).

10. Criminal Law—Unlawfully Driving Away Automobile—Possession of Stolen Automobile—Lesser Included Offense—Discretion.

Unlawfully driving away the automobile of another is not a lesser offense included in the crime of possession of a motor vehicle known to be stolen; for an offense to be lesser included it must contain some, but not all of the elements of the higher offense and there must be no additional elements in the "included" offense which are not a part of the "higher" offense; proof of "driving away" is not required of the prosecution to secure a conviction of unlawful possession of a motor vehicle known to be stolen although related, the two offenses are separate and distinct and the prosecutor has discretion to proceed under one or the other or both, if warranted by the facts (MCLA 257.254, 750.413).

Appeal from Court of Appeals, Division 2, McGregor, P. J., and Bronson and Danhof, JJ., dismissing complaint for superintending control over Genesee Circuit Court, Elza H. Papp, J.    Submitted December 9, 1971.    (No. 10 December Term 1971, Docket No. 53,310.)    Decided February, 25, 1972.

Complaint by the People of Michigan in the Court of Appeals for superintending control against Genesee County Circuit Judge Elza H. Papp to quash her action in accepting a plea of guilty for an offense not charged in an information, directing the defendant judge to vacate the plea and sentence, and to reinstate criminal proceedings based on the information filed. Complaint dismissed. The people appeal. Plea annulled, sentence vacated, and remanded to trial court for further proceedings.

*Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Frederick E. Salim,* for defendant.

WILLIAMS, J.   The matter-of-fact and unpretentious trial and appellate history of this case attests to the acceptance and confidence of the American people in the ability and integrity of the judiciary to exercise the authority of judicial supremacy in determining and delineating the basic constitutional doctrine of separation of legislative, executive and judicial powers.   It is an awesome power and responsibility and must be exercised both courageously and with understanding and restraint.

There are two issues in this case:

I. Does the Court of Appeals have jurisdiction to entertain a complaint for superintending control which charges that a trial judge acted without authority in accepting, over the objection of the prosecutor, a plea of guilty to an offense not charged by the people or included within the offense charged in the information?

II. Does a trial judge have the authority to accept an offer and plea of guilty over the objection of the

prosecutor to an offense not charged or included in the information?

The defendant, Dana McBride, was bound over to the Genesee Circuit Court after a preliminary examination to stand trial on an information charging possession of a stolen motor vehicle in violation of MCLA 257.254; MSA 9.1954.[1] On the day the case was to go to jury trial the trial judge, apparently on the basis of a previous discussion with defendant and his counsel, granted defendant's motion that he be allowed to plead guilty to unlawfully driving away the automobile of another in violation of MCLA 750.413; MSA 28.645.[2] Before final acceptance of the plea the trial judge asked the prosecutor, "I take it, Mr. Prosecutor, you are not going to make objections to this". The prosecutor indicated that the facts supported the charge as originally bound over and that he intended to proceed to trial on the charge as bound over because it was a more serious offense than the typical "joy riding" case. In overruling the prosecutor's objection the judge said "Fine, but, Mr. Prosecutor, how many times have you already come up this term where the evidence would show—so you can't always play God as to

---

[1] MCLA 257.254 provides in pertinent part:

"Sec. 254. Any person who  *  *  *  with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen,  *  *  *  shall be deemed guilty of a felony and upon conviction shall be punished by a fine of not more than $5,000.00 or by imprisonment  *  *  *  for not more than 10 years."

In *People* v *Morton*, 384 Mich 38 (1970), we held that a conviction for possession of a vehicle known to be stolen requires proof of possession with intent to fraudulently transfer title.

[2] MCLA 750.413 provides in pertinent part:

"Sec. 413. Taking Possession of and Driving Away a Motor Vehicle— Any person who shall, wilfully and without authority, take possession of and drive or take away  *  *  *  any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years."

which one you are going to permit to plead guilty to a lesser offense or not."

The trial judge proceeded with the plea-taking procedure wherein the defendant admitted that he had stolen a Volkswagen similar to his own, driven it away, exchanged the license plates with his own and taken the car to a farm. The judge concluded: "Actually, you are really guilty of the higher offense, but the court will accept your plea to the lesser offense." Subsequently, McBride was sentenced to 3–1/2 to 5 years at Jackson with execution suspended provided McBride entered the army. The army did not accept McBride and the original sentence was reinstated. Defendant was advised of his rights to appeal, "indigent" counsel and transcript. Claim of appeal was filed in the Court of Appeals and defendant has been admitted to bail pending decision in that Court.

In a separate proceeding, the prosecution sought a writ of superintending control from the Court of Appeals challenging the trial court's right over the prosecutor's objection to accept a plea to an offense not charged nor a lesser included offense. This request was "dismissed for lack of jurisdiction", on the ground that the proceeding was not one of the "appeals" authorized by statute, citing MCLA 770-.12; MSA 28.1109[3] and *Wayne County Prosecutor* v *Recorder's Court Judge.*[4]   The people, upon leave

---

[3] MCLA 770.12 provides for limited situations in which a writ of error, an "appeal", may be brought by the people direct to the Supreme Court. An appeal may be brought because of (a) a decision quashing an information because of alleged invalidity of a statute on which it is based, (b) from a decision staying a judgment of conviction for insufficiency of the indictment because of the invalidity of the statute on which it was based, or (c) from a decision sustaining a special plea in bar before the defendant has been placed in jeopardy.

[4] This case recognized that the writ of superintending control "* * * must be viewed as an appeal in the nature of *certiorari.* * * * The scope of review upon such an appeal 'is limited to determining if the inferior tribunal, upon the record made, had ju-

granted, ask this Court to hold that the Court of
Appeals has jurisdiction to entertain complaints for
superintending control under facts such as these and
further that we retain jurisdiction of the cause and
enter an order of superintending control directing
the defendant judge to vacate defendant McBride's
guilty plea and sentence and reinstate criminal pro-
ceedings based on the information charging viola-
tion of MCLA 257.254.

## I.—Jurisdiction

In response to the Court of Appeals holding that
this proceeding was not an authorized "appeal"[5] un-
der the statute (MCLA 770.12) the people answer
that they do not claim the action of the trial judge is
reviewable by an "appeal" under MCLA 770.12. The
people in effect contend that a writ of superintend-
ing control under GCR 1963, 711.3[6] is not an appeal

---

risdiction, whether or not it exceeded that jurisdiction and proceeded
according to law'. *In re Fredericks* (1938), 285 Mich 262, 267.

*   *   *

"The fact that the state may not appeal in a criminal case does
not preclude the issuance of a writ of *certiorari* (superintending
control) by an appellate court in favor of the state in a criminal
case to determine whether an inferior tribunal is acting without
jurisdiction, or in excess of jurisdiction. *People* v. *Price* [23 Mich
App 663 (1970)]. See also, *State* v. *Coleman* (1937), 58 RI 6
(190 A 791, 109 ALR 787 [and annotation])." 27 Mich App 251,
253–254 (1970).

In the *Wayne County Prosecutor* v *Recorder's Court Judge* case,
the Court of Appeals held that the trial court had jurisdiction and
that the writ did not lie.

[5] This case also does not present any question of the right of
the people to seek leave to appeal from an adverse decision of
the Court of Appeals. On numerous occasions we have granted
leave under those circumstances. *People* v *Earegood,* 383 Mich 82
(1970); *People* v *Paille #2,* 383 Mich 621 (1970); *People* v *Brun-
dage,* 381 Mich 399 (1968); *People* v *Hobdy,* 380 Mich 686 (1968).

[6] GCR 1963, 711.3:

"Writs Superseded by Order of Superintending Control. The
following writs are superseded and an order of superintending con-
trol shall be used in their place:

"(1) Certiorari;

but rather is an original civil action, here in the nature of mandamus, and as such is a proper method for correcting abuses of jurisdiction by a trial judge.

In *People* v *Brundage,* 381 Mich 399, 403 (1968), Justice O'Hara writing in a portion of his dissent concurred in by the majority, addressed the relationship between the limited rights of "appeal" under MCLA 770.12 and the writ of superintending control. Speaking of the statute he said:

"We feel obligated to point out that as an expression of legislative policy we accord the statute great weight. However, to the extent that it purports to limit our appellate jurisdiction, it is constitutionally infirm. Our appellate jurisdiction is constitutional. It can neither be enlarged nor restricted by legislative action. The Constitution provides:

" 'The Supreme Court shall have  *  *  *  power to issue  *  *  *  prerogative and remedial writs; *and appellate jurisdiction as provided by rules of the supreme court.'* (Emphasis supplied.)" (Footnote omitted.)

Pursuant to the Constitution this Court adopted GCR 1963, 711.3 which supercedes the writs of *certiorari,* mandamus and prohibition, providing one simplified procedure for reviewing or supervising the actions of lower courts and tribunals.

The use of the office of superintending control by the people in a criminal case to review excesses of jurisdiction was considered by this Court in *People* v *Flint Municipal Judge,* 383 Mich 429 (1970). In that case the prosecutor filed a complaint for superintending control against a municipal judge alleging an abuse of discretion in failing to bind over a defendant for trial. The Court recognized that the

"(2) Mandamus, when directed to an inferior tribunal or officer thereof; and
"(3) Prohibition."

writ of superintending control was a proper method
for reviewing a claimed abuse of discretion by the
trial judge but affirmed the Court of Appeals' denial
of the complaint on the ground that GCR 1963, 711.4
required the writ to be addressed to the first tribunal
having competence to hear and act upon it (in that
case the circuit court).  On the propriety of the use
of the writ by the people in these circumstances,
however, Chief Justice T. E. BRENNAN said for a
unanimous court:

"No argument is made here as to the proper office
of superintending control as a means of reviewing
the discretion of an examining magistrate.  The or-
der of superintending control embraces the functions
of the former writ of mandamus.  GCR 1963, 711.3
(2).

"Superintending control, like mandamus, lies to
require the magistrate to perform a function where
the magistrate has a clear legal duty to act.

*    *    *

"The process is not, properly speaking, an appeal.
It is rather a whole new lawsuit, with different par-
ties and different purposes.  *People* v *Yeotis* is not a
criminal case, but is rather an original civil com-
plaint designed to require the defendant municipal
judge to perform a clear legal duty."  383 Mich 429,
431–432.

The Supreme Court has by GCR 1963, 711 pro-
vided that the Court of Appeals has the power to
issue superintending control orders which are in
the nature of *certiorari,* mandamus and prohibition.

This superintending control has nothing to do
with the general supervisory superintending control
over all courts given to the Supreme Court by art 6,
§ 4 of the 1963 Constitution or the supervisory and
general control over inferior courts and tribunals
within their respective jurisdictions in accordance

with rules of the Supreme Court, given the circuit courts by art 6, § 13 of the 1963 Constitution.

No general control of inferior courts exists in the Court of Appeals.

Whether this action be viewed in the nature of *certiorari*, mandamus, or prohibition the writ of superintending control would lie. The writ of *certiorari* is for review of errors of law and our inquiry is limited to determining "if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law". *In re Fredericks*, 285 Mich 262, 267 (1938). In *Flint Municipal Judge, supra*, we noted that mandamus would lie to require the magistrate to perform a clear legal duty. Here it is contended that the judge acted without jurisdiction and therefore has a clear legal duty to vacate the guilty plea and reinstate the criminal proceedings as filed in the information. The writ of prohibition is a common-law remedy designed to prevent excesses of jurisdiction. It is a proper remedy where the court exceeds the bounds of its jurisdiction or acts in a matter not within its jurisdiction. *Hudson v Judge of Superior Court*, 42 Mich 239, 248 (1879). In this case the facts alleged also support a complaint for a writ of superintending control in the nature of prohibition.

In *People v Flint Municipal Judge, supra,* the magistrate indisputably had jurisdiction to exercise discretion with respect to the sufficiency of the evidence to bind over the defendant. Without passing on the merits, however, this Court said that the writ of superintending control is a proper method for the people to seek review of the discretion of the examining magistrate.

If the writ may be used to review an exercise of discretion where it is unquestioned that the judge

had the power to exercise some discretion then, *a fortiori,* the writ may be used to review the action of a lower court when it is claimed that the court lacked the power to exercise *any* discretion with respect to the ruling in question.

The Court of Appeals had jurisdiction to entertain the complaint for superintending control for the purpose of determining whether the trial judge acted without jurisdiction or in excess of jurisdiction.[7] Since the cause is now properly before us we retain jurisdiction under our power of superintendence, Const 1963, art 6, § 4.

II.—The Authority of the Trial Judge to Amend the Information and Accept a Plea Over the Objection of the Prosecutor

Whether the trial judge may amend an information and accept a plea *sua sponte* and over the objection of the prosecutor raises the question of constitutional separation of powers between the judicial and executive branch.

At the outset we note that we are not concerned here with the power of a trial judge to permit the amendment of an information where there is no objection by the prosecutor and the defendant waives any necessary arraignment and examination. In addition, because of the trial judge's determination that McBride was "actually guilty of the higher offense", we are not concerned with any question of the scope of authorized power under MCLA 767.76;

---

[7] See generally, *People v Brundage,* 381 Mich 399, 403 (1968); *In re Huff,* 352 Mich 402, 417–418 (1958); *Recorder's Court Judge v Wayne Circuit Judge,* 347 Mich 567, 572 (1957); *People v Karcher,* 322 Mich 158, 162–163 (1948); *Bank & Trust Co v Wayne Circuit Judge,* 321 Mich 28, 45 (1948); *Wayne County Prosecutor v Wayne Circuit Judge,* 27 Mich App 257, 258 (1970); *Wayne County Prosecuting Attorney v Recorder's Judge,* 27 Mich App 419, 421 (1970); *People v Recorder's Judge,* 23 Mich App 126 (1970); *People v Price,* 23 Mich App 663, 667, 671 (1970).

MSA 28.1016 to amend informations for technical defects or because of variance with the evidence.

The sole question here is whether the trial judge on her own initiative has the power to determine, over the objection of the prosecutor, under which of two admittedly-applicable statutes a prosecution will be instituted, where neither statute represents a lesser included offense of the other.

The prosecutor is a constitutional officer whose duties are as provided by law. Const 1963, art 7, § 4. *Lawrence Scudder & Co* v *Emmet County,* 288 Mich 181, 184 (1939); *Schneider* v *Shepherd,* 192 Mich 83, 88 (1916). The conduct of a prosecution on behalf of the people by the prosecutor is an executive act, *People* v *Dickerson,* 164 Mich 148, 153 (1910).

We have held in the past that the prosecutor is the chief law enforcement officer of the county and has the right to exercise broad discretion in determining under which of two applicable statutes a prosecution will be instituted. *People* v *Lombardo,* 301 Mich 451, 453 (1942); *People* v *Thrine,* 218 Mich 687, 690, 691 (1922); *People* v *Mire,* 173 Mich 357, 364 (1912). See also *People* v *Graves,* 31 Mich App 635, 636 (1971); *People* v *Eineder,* 16 Mich App 270, 271 (1969); *People* v *Byrd,* 12 Mich App 186 (1968), concurring opinion of LEVIN, J. at 197, particularly footnote 7; *People* v *Ryan,* 11 Mich App 559, 561 (1968).

"Acting as prosecutor, judge and jury" is a common description of an unfair and unlawful operation. However innocently and mistakenly, this is what happened in this case. The trial judge assumed the right over the objection of the prosecutor to determine under which of two applicable statutes a prosecution will be instituted. As already indicated such determination is an executive function and a part of

the duties of the prosecutor. For the judiciary to claim power to control the institution and conduct of prosecutions would be an intrusion on the power of the executive branch of government and a violation of the constitutional separation of powers. Const 1963, art 3, § 2. It also violates our fundamental sense of fair play.

We therefore hold that the trial judge acted without authority in amending the information over the objection of the prosecutor in this case.

It is to be noted that the trial judge in this case apparently thought her authority to amend the information (adding the count of unlawfully driving away the automobile) was justified by the fact that the added offense was, in her opinion, "lesser included". Unlawfully driving away the automobile of another in violation of MCLA 750.413 is not a lesser offense included in the violation of MCLA 257.254 which proscribes possession of a motor vehicle known to be stolen. For an offense to be lesser included it must contain some, but not all of the elements of the higher offense and there must be no additional elements in the "included" offense which are not a part of the "higher" offense. The supposed "lesser" offense here requires proof of driving away the automobile but proof of "driving away" is not required of the prosecution to secure a conviction of unlawful possession of a motor vehicle known to be stolen. Although related, the two offenses are separate and distinct and the prosecutor has discretion to proceed under one or the other or both, if warranted by the facts. *People* v *Morton,* 16 Mich App 160 (1969), reversed on other grounds, 384 Mich 38 (1970); see also *People* v *Kruper,* 340 Mich 114, 121–122 (1954).

In our holding that the judge here acted without authority we express no opinion on the propriety of

accepting a plea over the objection of the prosecutor where both offenses are charged by the prosecutor, nor do we express an opinion on the propriety of accepting a plea over the objection of the prosecutor to an offense which *is* a lesser included offense.

The plea of guilty to MCLA 750.413; MSA 28.645 is annulled and the sentence imposed pursuant to that plea is vacated. The cause is remanded to the trial court for proceedings upon the information as filed by the prosecutor on July 13, 1970.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J., concurred in the result.