WAYNE COUNTY PROSECUTING ATTORNEY v RECORDER'S
COURT JUDGE

*In re* PEOPLE v MORGAN

*In re* PEOPLE v BROWN

COURTS—SUPERINTENDING CONTROL—PLEA OF GUILTY—LESSER IN-
CLUDED OFFENSES.

A judge has jurisdiction to accept a plea of guilty of a lesser
included offense of the crime charged, and second-degree mur-
der is a lesser included offense of first-degree murder; therefore,
a complaint for superintending control by a prosecuting attor-
ney to prevent acceptance of a plea was dismissed where a
judge accepted a plea of guilty of second-degree murder on a
charge of first-degree murder over objection by the prosecution.

Original action in the Court of Appeals. Submit-
ted Division 1 May 8, 1973, at Lansing. (Docket
Nos. 16623, 16624.) Decided May 25, 1973.

Complaint by the Wayne County Prosecuting
Attorney against a Recorder's Court Judge for
superintending control to prevent his acceptance
of pleas of guilty by two defendants. Complaint
dismissed.

*William L. Cahalan,* Prosecuting Attorney, *Dom-
inick R. Carnovale,* Chief, Appellate Department,
and *Edward R. Wilson,* Assistant Prosecuting At-
torney, for plaintiff.

*Alphonso R. Harper,* for defendant Recorder's
Court Judge.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 494.

*Allan C. Miller,* Assistant State Appellate Defender, in opposition to superintending control.

Before: QUINN, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. In these causes a complaint for superintending control and motion for order to show cause are filed by plaintiff, and answers in opposition thereto having been filed, and due consideration thereof having been had by the Court.

It is ordered that the motion for order to show cause be, and the same is hereby denied for lack of meritorious grounds for the relief sought. In *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672 (1972), the Supreme Court held that the conduct of the prosecution is an executive act and that the circuit judge exceeded her jurisdiction and usurped the executive function of the prosecutor when she determined, over the objection of the prosecutor, under which of two admittedly applicable statutes a prosecution would be conducted where neither statute was a lesser included offense of the other. This decision cannot be applied in the instant case. The crime of murder in the second degree to which the Recorder's Court Judge permitted defendants Brown and Morgan to plead guilty is a lesser included offense of murder in the first degree, the crime charged in this case, based on the facts which appear in the record. The Supreme Court specifically excluded this situation from its holding in *Genesee Prosecutor v Genesee Circuit Judge, supra,* 386 Mich 672, 684. The prosecutor's reliance on the foregoing case is therefore misplaced. We find no authority supporting the proposition that the circuit judge has no jurisdiction to accept a plea of guilty to a lesser included offense of the crime charged. The complaint for superintending control is therefore dismissed.