PEOPLE v LEWANDOWSKI (ON REHEARING)

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL—DISCRETION—GREAT LIBERALITY.

> A trial judge should exercise his discretion with great liberality in matters of motions to withdraw pleas of guilty where withdrawal is sought before trial and sentence, but a defendant should not be allowed to withdraw such a plea where, applying the great liberality standard, it is clear that the defendant has failed to support his claim that he is entitled to withdraw his plea.

Appeal from St. Clair, Kenneth J. Stommel, J. Submitted Division 2 December 9, 1974, at Lansing. (Docket Nos. 18598, 18599.) Decided April 23, 1975. Leave to appeal applied for.

Michael A. Lewandowski was convicted, on his pleas of nolo contendere, of second-degree murder and assault with intent to commit murder. Defendant appealed. Affirmed, 58 Mich App 18; 226 NW2d 843 (1974). On rehearing, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

Michael A. Lewandowski, *in propria persona.*

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 491, 503–506.

On Rehearing

ALLEN, J. We granted rehearing in this matter to determine the propriety of that portion of our previous opinion, released January 28, 1975, which dealt with the applicable standards to be applied to a motion to withdraw a plea of guilty or nolo contendere. We previously held that the effect of GCR 1963, 785.7(4), which applied to defendant's motion to withdraw because the motion was made after June 1, 1973, was to modify the "great liberality" standard. We held that under that court rule, the standard for withdrawal of a plea after June 1, 1973, was whether the trial court had abused its discretion in deciding defendant's motion. We were in error, but our recognition of such does not change the result of our previous opinion, and defendant's conviction shall remain affirmed.

On December 23, 1974, the Michigan Supreme Court issued the following order:

"This Court *sua sponte,* pursuant to GCR 1963, 865.1(7), reverses the decision of the Court of Appeals and vacates the decision of the trial court denying the withdrawal of the guilty plea. The cause is remanded to Recorder's Court for the City of Detroit for further proceedings on the original charge of armed robbery consonant with *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), and *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965)." *People v Matthews,* 393 Mich 771 (1974).

Our examination of the *Matthews* lower court record has disclosed that *Matthews* pled guilty to assault with intent to commit armed robbery, MCLA 750.89; MSA 28.284, on October 23, 1973.

On December 4, 1973, defendant moved to withdraw his plea, the request was denied, and he was sentenced the same day. *Matthews* applied the "great liberality" standard[1] to a post-June 1, 1973, motion to withdraw, and therefore we conclude that we erred in stating that GCR 1963, 785.7(4) had modified that standard. Thus, we accept the proposition that the liberal standard for withdrawal has remained unchanged by the court rule.

However, we reiterate our previous holding that the trial court did not err in denying defendant's motion to withdraw his plea. Under the "great liberality" standard, it is clear that defendant has failed to support his claim that he is entitled to withdraw his plea.

Affirmed.

---

[1] *See People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191, 192, and *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175, 179.