PEOPLE v MORGAN

OPINION OF THE COURT

1. CRIMINAL LAW—PLEAS OF GUILTY—WITHDRAWAL OF PLEA—APPEAL
   AND ERROR—EXAMINATION OF RECORD.
   An appellate court must examine the entire record to determine
   whether a defendant's motion to withdraw a plea of guilty was
   properly denied.

2. CRIMINAL LAW—PLEAS OF GUILTY—WITHDRAWAL OF PLEA—COURTS
   —DISCRETION—ABUSE OF DISCRETION.
   A court did not abuse its discretion in refusing to grant a
   criminal defendant's presentence motion to withdraw a plea of
   guilty where the defendant claimed he thought he could with-
   draw his plea at any time prior to sentencing and that his
   lawyer so advised him, but where the defendant was well
   familiar with the plea-taking process, and an examination of
   the record reveals that the defendant had pled guilty to the
   same charge earlier in the same proceedings and tried to
   withdraw his plea prior to sentencing on that occasion also, and
   where it appears that the defendant is merely sentence-and-
   judge shopping.

DISSENT BY D. E. HOLBROOK, JR., J.

3. CRIMINAL LAW—PLEAS OF GUILTY—WITHDRAWAL OF PLEA—SETTING
   PLEAS ASIDE—COURTS—DISCRETION—COURT RULES.
   *A criminal defendant has an absolute right to withdraw a plea of
   guilty before a court has accepted it on the record; and the
   court, either on motion of the defendant or sua sponte with the
   defendant's consent, may set aside the plea after it has been
   accepted on the record (GCR 1963, 785.7[4]).*

4. CRIMINAL LAW—PLEAS OF GUILTY—NOLO CONTENDERE—SETTING
   PLEAS ASIDE—COURTS—DISCRETION.
   *Discretion with great liberality is the standard to be applied by a*

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[4] 21 Am Jur 2d, Criminal Law §§ 497, 501, 502.

*court in determining whether a plea of guilty or nolo contendere should be set aside during the period between acceptance of the plea on the record and the imposition of sentence; except in rare cases even a belated claim of innocence merits a full trial on the original charge, even if the court believes the defendant is guilty.*

5. Criminal Law—Pleas of Guilty—Withdrawal of Plea—Courts —Discretion—Abuse of Discretion.

*A court abused its discretion in denying a defense motion to withdraw a plea of guilty in a period between the court's acceptance of the plea on the record and the imposition of sentence where the motion did not come as a surprise to the court and defense counsel indicated that the defendant would be ready for trial on the scheduled trial date.*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted February 14, 1975, at Detroit. (Docket No. 20700.) Decided August 26, 1975.

Frank Morgan, also known as James Mackey, was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: V. J. Brennan, P. J., and D. E. Holbrook, Jr. and O'Hara,* JJ.

V. J. Brennan, P. J. Defendant, Frank Morgan, pled guilty to the crime of second-degree murder, MCLA 750.317; MSA 28.549, and was sentenced to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

life in prison. He now appeals as of right presenting one issue for our consideration. We affirm.

Defendant was originally charged with first-degree murder, MCLA 750.316; MSA 28.548, in connection with the shooting death of Gerald J. Riley, an off-duty Detroit police officer. In January of 1973 defendant was permitted to plead guilty to second-degree murder over the prosecutor's strenuous objections. When defendant appeared for sentencing he asked to withdraw his plea and the trial judge denied his request. He was sentenced to life in prison. The prosecution thereupon filed in this Court a complaint for superintending control and a motion for an order to show cause which was denied on May 25, 1973, based on this Court's reading of *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), *Wayne County Prosecuting Attorney v Recorder's Court Judge,* 47 Mich App 615; 209 NW2d 610 (1973). The prosecution's application for leave to appeal to our Supreme Court was held in abeyance pending the outcome of *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974). On March 27, 1974, our Supreme Court, on the basis of their decision in the above case, set aside defendant's plea and remanded the case for trial on the first-degree murder charge. *Wayne County Prosecuting Attorney v Recorder's Court Judge,* 391 Mich 791 (1974).

After the case was remanded the prosecutor withdrew his objection to the reduced plea and the defendant again waived his right to a trial and asked the court to accept his plea to second-degree murder. After thoroughly questioning defendant, the court, apparently being convinced the plea was voluntarily and knowingly given, again accepted his plea and ordered that a new presentence re-

port be prepared. Before sentencing the defendant wrote a letter to the trial court stating that he was innocent and informing the judge that he wanted to withdraw this second plea. He filed a motion for a new trial and repeated his request at the time of sentencing. The trial court denied the request and imposed sentence.

We have reviewed the plea-taking procedures in this case and find them to be very thorough and in compliance with all plea-taking requirements. Defendant claims he thought he could, at any time prior to sentencing, withdraw his plea and says his trial lawyer so advised him. We do not feel this, in itself, is an absolute ground for withdrawal of a plea. The entire record must be examined.

After doing so we are convinced that this defendant's plea was knowingly and voluntarily made. To say the least, we are not impressed or sympathetic with this defendant's claimed naivete. An examination of defendant's criminal record discloses that he was well familiar with the plea-taking process. Several charges against defendant were disposed of by pleas. Furthermore, and more importantly, after defendant offered his first plea of guilty to the charge of second-degree murder he also sought to withdraw his guilty plea before sentencing, but the trial judge denied the motion at that time also. In light of this we, like the trial judge, simply are not persuaded by his present claims. In fact, it appears to us that this defendant is merely sentence-and-judge shopping.

We have carefully weighed all the factors here and find that the trial court did not abuse its discretion by refusing to grant the motion to withdraw the plea.

Affirmed.

O'Hara, J., concurred.

D. E. Holbrook, Jr., J. *(dissenting)*. Defendant offered a plea of guilty on April 23, 1974, to a reduced charge of second-degree murder, and it was accepted. On April 29 the defendant wrote the trial court stating that he was innocent; that he wanted to withdraw his guilty plea; and that he had offered the plea against his better judgment on the advice of counsel. He also wrote his attorney a similar letter. On May 3 a formal motion to withdraw the plea was filed. The motion was summarily denied by the trial court at sentencing on May 21.

GCR 1963, 785.7(4), effective June 1, 1973, governs the withdrawal of guilty pleas. It provides:

"The court may take the proffered plea under advisement. However, until the court accepts the plea on the record, the defendant may withdraw it as a matter of right without assigning cause. *After the court accepts the plea the court may on motion of the defendant set aside his plea of guilty or nolo contendere;* or the court may, *sua sponte* with the consent of the defendant, set aside his plea." (Emphasis supplied.)

While the rule gives the defendant an absolute right to withdraw his plea before it is accepted, the rule continues the previous case law in the period between the acceptance of the plea by the trial court and the imposition of sentence. *People v Matthews,* 393 Mich 771 (1974), *People v Lewandowski (On Rehearing)* 60 Mich App 455; 231 NW2d 392 (1975). The standard to be applied during the latter period is, "discretion * * * with great liberality". *People v Bencheck,* 360 Mich 430, 432; 104 NW2d 191, 192 (1960); *People v Lewandowski, supra.*

In both his letter and his motion the defendant stated that he was innocent and wished to prove his innocence in court. Unless the claim of inno-

cence is totally frivolous, the trial court should grant the defendant's motion to withdraw his plea. *People v Bencheck, supra.* Since under our laws innocence is presumed, it is a rare case that even a belated claim of innocence should not merit a full trial on the original charge, even if the trial court believes that the defendant is guilty. *People v Bencheck, supra, People v Stone,* 293 Mich 658; 292 NW 520 (1940), *People v Piechowiak,* 278 Mich 550; 270 NW 783 (1936).

The motion did not come as a surprise to the trial court on the day of sentencing and defense counsel indicated that the defendant would be ready for trial on June 4, the scheduled trial date. Thus the motion to withdraw the plea was not just dilatory. *People v Zaleski,* 375 Mich 71; 133 NW2d 175 (1965), *People v Whitmer,* 16 Mich App 703; 168 NW2d 908 (1969), *lv den* 383 Mich 763 (1970). In my opinion I find that the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea.

I would reverse and remand for trial on the merits.