PEOPLE v ANDERSON

1. CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE OF PLEA—OBJEC-
TION BY PROSECUTION BY—LESSER INCLUDED OFFENSES.

 A trial court is prohibited from accepting over the prosecution's
objection a defendant's plea of guilty to a lesser included
offense.

2. CRIMINAL LAW—DOUBLE JEOPARDY—PLEA OF GUILTY—LESSER IN-
CLUDED OFFENSES—OBJECTION BY PROSECUTION—REPROSECUTION
—APPEAL AND ERROR.

The prosecution is not barred by double jeopardy considerations
from reprosecuting a defendant on the original charge where
the trial court accepted the defendant's plea to a lesser in-
cluded offense over objection by the prosecution and the prose-
cution sought and obtained appellate relief from the incorrect
acceptance of the guilty plea.

Appeal from Recorder's Court of Detroit,
Thomas L. Poindexter, J. Submitted June 23, 1977,
at Detroit. (Docket No. 26966.) Decided August 9,
1977. Leave to appeal applied for.

Elva J. Anderson was charged with first-degree
murder and was convicted, on her plea of guilty, of
manslaughter. The people appeal. Reversed and
remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Re-
search, Training and Appeals, and *Robert M. Mor-*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 492, 494.
[2] 21 Am Jur 2d, Criminal Law § 185.

*gan,* Assistant Prosecuting Attorney, for the people.

*Kim R. Fawcett,* Assistant State Appellate Defender, for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

PER CURIAM. Defendant Elva Jean Anderson was charged with the offense of first-degree murder, contrary to MCLA 750.316; MSA 28.548. The trial commenced on October 6, 1975, before Recorder's Court Judge Thomas L. Poindexter. On October 9, 1975, the trial court accepted defendant's plea of guilty to the offense of manslaughter, contrary to MCLA 750.321; MSA 28.553, over the objections of the prosecuting attorney. On November 24, 1975, defendant was sentenced to probation for a period of three years. The prosecution filed claim of appeal on January 27, 1976.

This case is straightforward. Defendant was charged with the offense of first-degree murder. Trial commenced on that charge October 6, 1975. On October 9, 1975, defendant pled guilty to the included offense of manslaughter, contrary to MCLA 750.321; MSA 28.553. The prosecution objected to acceptance of the plea by the trial court. The prosecution still had two res gestae witnesses to present. The trial court overruled the prosecution's objections to acceptance of a plea to the offense of manslaughter. The trial court stated that "after hearing the testimony up to this time, * * * the charge of murder should not have been made in this case; * * * the Judge who conducted the examination in this case, if she *[sic]* had heard the testimony that has been given in this Court,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

would not have bound the defendant over on the charge of murder in the first degree".

The trial court sentenced defendant to spend three years probation on the manslaughter conviction. On appeal, prosecution raises two principal allegations of error. We will speak to each one as presented.

The prosecution first contends that the trial court erred by accepting defendant's plea to the offense of manslaughter over objection.

We do not believe extended analysis is required in order to resolve this issue. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115; 215 NW2d 145 (1974). See *People v Morgan,* 63 Mich App 686, 688; 235 NW2d 154 (1975). In *Genesee Prosecutor,* the Michigan Supreme Court held that error was committed when a trial court accepted a plea of guilty to a lesser included offense to the offense charged where the plea was taken over the prosecution's objections. Defendant there was charged with murder. The trial judge accepted defendant's plea to the offense of manslaughter over the prosecution's objection. The Supreme Court held that the trial court committed reversible error in so accepting the plea. *Genesee Prosecutor v Genesee Circuit Judge, supra,* at 121–123. See also *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 684; 194 NW2d 693 (1972).

We find this case controlled by the *Genesee Prosecutor* decisions. Read together, those two cases prohibit a trial court from accepting a plea to a lesser included offense over prosecution's objection. The trial court in the instant case accepted defendant's plea to the offense of manslaughter over the prosecutor's objection. At the time the judge accepted the plea, the two remaining prosecution witnesses, through their testimony, might

very well have proved beyond a reasonable doubt the elements that the trial judge thought were lacking. We feel he should have heard those witnesses.

We must next decide whether the prosecution is barred from retrying defendant on the charged offense of first-degree murder because the trial court accepted defendant's plea of guilty to the offense of manslaughter after the trial had begun.

The Michigan Supreme Court has held that where a plea of guilty to the lesser offense is accepted but reversed because of noncompliance with the guilty plea rule the prosecution cannot reprosecute defendant on the higher, originally charged offense. *People v McMiller,* 389 Mich 425, 434; 208 NW2d 451 (1973). However, in *Genesee Prosecutor,* the Supreme Court held that *McMiller* does not bar reprosecution on the original charged offense where the prosecution seeks appellate relief from the incorrect acceptance of the guilty plea over the prosecutor's objections. *Genesee Prosecutor v Genesee Circuit Judge, supra,* at 123.

We believe *Genesee Prosecutor* applies in this case and that no double jeopardy question arises even where defendant's plea was accepted after trial had commenced. As the Supreme Court observed in *McMiller,* defendant in this case "was never in peril of being convicted and punished for murder [the higher charge]. He has not 'run the gauntlet' on that charge." *People v McMiller, supra,* at 431. We thus find retrial on the original charge reasonable and proper. *Genesee Prosecutor v Genesee Circuit Judge, supra,* at 122–123.

Reversed and remanded for trial on the charged offense of first-degree murder.