TRACER v CITY OF SOUTHGATE

Docket No. 120857. Submitted June 20, 1990, at Detroit. Decided
    August 6, 1990. Leave to appeal applied for.

    Joseph D. Tracer was hired by the City of Southgate for employ-
        ment as an electrical inspector in July, 1977. On September 9,
        1977, a district vocational rehabilitation office certified Tracer
        as vocationally handicapped under the provisions of the Work-
        ers' Disability Compensation Act. Tracer filed a petition with
        the Bureau of Workers' Disability Compensation alleging a
        total and permanent disability arising on January 15, 1980,
        while employed by the city. A hearing referee determined that
        Tracer was totally and permanently disabled and that his
        certification as vocationally handicapped was valid. The referee
        ordered payment of workers' compensation benefits to Tracer
        by the city for a period of 104 weeks (the maximum period for
        which an employer was liable for workers' compensation bene-
        fits for injury to an employee certified as vocationally handi-
        capped) and by the Second Injury Fund for the period thereaf-
        ter. On appeal, the Workers' Compensation Appeal Board
        affirmed the finding of total and permanent disability, but
        found invalid Tracer's certification as vocationally handicapped.
        The city, whose liability for benefits now extended beyond 104
        weeks, sought but was denied leave to appeal in the Court of
        Appeals. The Supreme Court, in lieu of granting leave to
        appeal, remanded the matter to the Court of Appeals for
        consideration as on leave granted. 433 Mich 866 (1989).

        The Court of Appeals *held:*

        Under the provisions of the Workers' Disability Compensa-
        tion Act, an applicant for certification as vocationally handi-
        capped must be unemployed at the time of application. The act
        also provides that such certification is not valid with an em-
        ployer by whom the applicant has been employed within fifty-
        two weeks before the date of certification. Here, where Tracer
        was employed by the City of Southgate both at the time of his
        application for certification and within fifty-two weeks before

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 151 et seq.
See the Index to Annotations under Workers' Compensation.

the date of certification, the appeal board did not err in determining the certification to be invalid.

Affirmed.

1. Workers' Compensation — Vocationally Handicapped Persons — Certification.

A person, in order to be certified as vocationally handicapped for purposes of limiting an employer's liability for workers' compensation, must be unemployed at the time of application for such certification (MCL 418.905, 418.921; MSA 17.237[905], 17.237[921]).

2. Workers' Compensation — Vocationally Handicapped Persons — Certification.

Certification of a person as vocationally handicapped for purposes of limiting an employer's liability for workers' compensation is not valid with an employer by whom the person has been employed within fifty-two weeks before the date of such certification (MCL 418.905, 418.921; MSA 17.237[905], 17.237[921]).

*Charters, Heck & O'Donnell, P.C.* (by *Margaret A. O'Donnell*), for City of Southgate.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Ray W. Cardew, Jr.,* Assistant Attorney General, for Second Injury Fund.

Before: Danhof, C.J., and Cynar and Brennan, JJ.

Brennan, J. This case comes before this Court on remand from our Supreme Court for consideration as on leave granted. Defendant City of Southgate appeals the decision of the Workers' Compensation Appeal Board which held, in pertinent part, that plaintiff was not validly certified as vocationally handicapped when he was first employed by the city and therefore the city, who was plaintiff's employer when he was injured, had liability for plaintiff's workers' compensation benefits exceeding the then 104-week (now 52-week) limitation

provided in MCL 418.921; MSA 17.237(921). We affirm.

Plaintiff, a previously injured electrician, applied for employment with the city as an electrical inspector but was rejected for the reason that the city believed plaintiff was physically unable to do the work. Plaintiff was subsequently hired by the city pursuant to court order after plaintiff filed a civil rights complaint in the Wayne Circuit Court. The court ordered that plaintiff be employed for a 120-day trial period starting July 18, 1977, to see if he was physically able to perform the job. Plaintiff's first day of employment was actually July 22, 1977, and he immediately began working forty hours per week. However, plaintiff was classified for civil service purposes as a part-time employee since he did not receive fringe benefits and was on probationary status.

Meanwhile, on June 21, 1977, after plaintiff applied for and was initially denied the position with the city, plaintiff contacted the district vocational rehabilitation office, the agency responsible for certifying an individual who is vocationally handicapped (see MCL 418.901; MSA 17.237[901]) and informed the agency that he was unemployed. Plaintiff returned to the rehabilitation office on August 16, 1977, after he began his employment with the city and applied for his vocationally handicapped certificate. On September 9, 1977, plaintiff was issued a vocationally handicapped certificate. The city then submitted to the rehabilitation office forms furnished by that agency, including such information as the date plaintiff's employment commenced. The city, as plaintiff's employer, was required to submit these forms as an employer of a certified vocationally handicapped employee to limit their liability for work-

ers' compensation benefits. See MCL 418.905; MSA 17.237(905) and MCL 418.911; MSA 17.237(911).

The rehabilitation office notified the city by letter dated September 28, 1977, that plaintiff's certificate was invalid as to plaintiff's employment with the city as the employment commenced within fifty-two weeks of certification contrary to MCL 418.905; MSA 17.237(905). The city requested the agency to reconsider its finding, but the agency did not alter its initial decision. In October, 1977, plaintiff was appointed a full-time certified inspector.

On April 24, 1980, plaintiff filed a petition for hearing against the city alleging a total and permanent disability arising on January 15, 1980, while employed by the city. One of the parties the city joined was the Second Injury Fund. The city contended that plaintiff was certified as vocationally handicapped, thus limiting its liability for workers' compensation benefits to 104 weeks and triggering the fund's liability thereafter pursuant to MCL 418.921; MSA 17.237(921). Referee Claudia Morcom dismissed various defendants, found plaintiff totally and permanently disabled, and found that he was validly certified as vocationally handicapped. The referee therefore found the city to be liable for workers' compensation benefits for 104 weeks only and the fund to be liable thereafter.

The city and the fund appealed the decision and the appeal board affirmed in part and modified the opinion of the referee, finding that plaintiff was not validly certified as vocationally handicapped and that the city was therefore liable beyond the 104 weeks. It is from this decision that the city appeals.

On appeal, the city argues that the appeal board erred in finding that plaintiff was not validly certified as vocationally handicapped and in find-

ing that the city's liability for workers' compensation benefits exceeded the 104-week limitation provided for in MCL 418.921; MSA 17.237(921).

Our review of a decision by the appeal board is limited as set forth by *Parmenter v Grand Rapids Public Schools,* 168 Mich App 97, 102; 424 NW2d 6 (1987), lv den 430 Mich 886 (1988):

> This Court may only (1) review questions of law involved in the WCAB's final order, (2) determine whether any fraud is associated with the board's findings of fact, and (3) decide whether any competent evidence in the record supports those findings. . . . If supported by the evidence, the factual determinations of the WCAB are conclusive upon the reviewing court absent fraud or legal error. Const 1963, art 6, § 28. MCL 418.861; MSA 17.237(861). [Citations omitted.]

Pursuant to MCL 418.921; MSA 17.237(921), an employer who hires a certified vocationally handicapped person subsequent to certification has limited liability. At the time of the referee's holding, this section provided as follows:

> A person certified as vocationally handicapped who receives a personal injury arising out of and in the course of his employment and resulting in death or disability, shall be paid compensation in the manner and to the extent provided in this act, or in case of his death resulting from such injury, the compensation shall be paid to his dependents. The liability of the employer for payment of compensation, for furnishing medical care or for payment of expenses of the employee's last illness and burial as provided in this act shall be limited to those benefits accruing during the period of 104 weeks after the date of injury. Thereafter, all compensation and the cost of all medical care and expenses of the employee's last sickness and burial shall be the liability of the fund. The fund shall be

liable, from the date of injury, for those vocational rehabilitation benefits provided in section 319.

MCL 418.905; MSA 17.237(905), which sets forth the procedure an individual must follow to become certified as vocationally handicapped, provides as follows:

> An unemployed person who wishes to be certified as vocationally handicapped for purposes of this chapter shall apply to the certifying agency on forms furnished by the agency. The certifying agency shall conduct an investigation and shall issue a certificate to a person who meets the requirements for vocationally handicapped certification. The certificate is valid for 2 calendar years after the date of issuance. After expiration of a certificate an unemployed person may apply for a new certificate. A certificate is not valid with an employer by whom the person has been employed within 52 weeks before issuance of the certificate.

As can be seen from the statute, a person must be unemployed at the time of application to the certifying agency, and a certificate is not valid with an employer by whom a person has been employed within fifty-two weeks before issuance of the certificate.

We agree with the findings of the appeal board. Here, plaintiff was hired and commenced his employment with the city in July, 1977, and was not certified as vocationally handicapped until September 9, 1977. Not only was plaintiff employed by the city within fifty-two weeks prior to the issuance of the certificate to him, he was also employed at the time he applied for the certificate on August 16, 1977. Both of these factors render the certificate invalid as to the city and, therefore, the city is not entitled to the limited liability provided for in § 921.

The city contends that plaintiff was only a part-time probationary employee and was not "hired" until October, 1977, when he was appointed a full-time certified inspector. This argument is without merit. As the appeal board held, "[e]ither plaintiff was an employee or he was not; the statute does not make the nice distinctions among kinds of employments and employees defendant City requests us to adopt." In fact, according to plaintiff's testimony, he was working forty hours per week for the city. In any event, as the appeal board found, "[i]t is the *fact* of hire, not the nature of the employment or its possible probationary status, which triggers the exclusionary terms of the statute." (Emphasis supplied.)

The city also claims that it should enjoy the benefits of the statute because it was forced, pursuant to court order, to hire plaintiff. However, we agree with the appeal board observation in relation to this claim:

> [T]he intent of 1971 PA 183 which added Chapter 9 to the act was to *encourage* the hiring of a select group of physically impaired persons, by limiting liability, *Blakemore v St Joseph Mercy Hospital and Second Injury Fund,* 1983 WCAB 461. Defendant wants the benefits of this section, yet the record is void of any testimony that plaintiff was "hired" based upon this section of the Act. Plaintiff never showed defendant this "walnut" (wallet) card *prior* to employment. Defendant's argument would be meritorious if plaintiff had been hired based upon the card which he carried in his wallet and this was relied upon by defendant. All parties agree, however, and the record is clear that plaintiff was not hired for this reason. [Emphasis supplied.]

Lastly, the city contends that the fund is estopped from claiming an invalid certification be-

cause the certifying agency, the vocational rehabilitation office, failed to perform its investigative task of ascertaining plaintiff's employment status. It does not appear this issue was addressed by the appeal board. Moreover, as the fund points out, it was not its conduct which caused detrimental reliance, if any, on the part of the city; rather, it was the conduct of the certifying agency, whose agency and function is separate from that of the fund, which may have caused the possible detrimental reliance to which the city alludes.

Affirmed.