BROWN v MICHIGAN HEALTH CARE CORPORATION

Docket No. 115775. Decided September 19, 2000. On application by the defendant employer for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and remanded the case to the Worker's Compensation Appellate Commission for further proceedings. Rehearing denied *post*, 1217.

Luella Brown suffered a work-related injury in 1978, and received worker's compensation benefits until 1985. She then began doing volunteer work for Michigan Health Care Corporation, while also working as a housekeeper for two individuals. In April 1989, she applied for a housekeeping job with MHCC. MHCC suggested that she obtain vocationally handicapped certification under MCL 418.901 *et seq.*; MSA 17.237(901) *et seq.*, which she did. She was hired by MHCC in the spring of 1989. On April 8, 1992, she injured her back while at work, and subsequently sought worker's compensation benefits. MHCC joined the Second Injury Fund as a party under MCL 418.931; MSA 17.237(931). Following a hearing, a magistrate concluded that the plaintiff was disabled by her April 1992 injury, that MHCC was liable for continuing benefits, and that the fund was not liable because, at the time of her application for the vocationally handicapped certificate, the plaintiff was not unemployed and thus was ineligible for the certificate. The Worker's Compensation Appellate Commission affirmed, holding that under *Tracer v Southgate*, 184 Mich App 811 (1990), employment is an absolute bar to valid certification, and that the plaintiff's part-time employment as a housekeeper was employment within the meaning of the statute. The Court of Appeals, NEFF, P.J., and MURPHY and J. B. SULLIVAN, JJ., affirmed in an unpublished opinion per curiam, holding that, under *Tracer*, a plaintiff's previous employment with the employer, or the fact that the plaintiff was employed, renders a vocationally handicapped certification invalid (Docket No. 211631). MHCC seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WEAVER, and Justices TAYLOR, CORRIGAN, YOUNG, and MARKMAN, the Supreme Court *held*:

For the purposes of an employer's liability, the issuance of a vocationally handicapped certificate under MCL 418.921; MSA 17.237(921) is controlling.

While it is true that the statute provides that an unemployed person may apply for a handicapped certificate, it is the Division of Vocational Rehabilitation of the Department of Education that is directed to investigate the application. The statute grants the department the authority to certify a person as vocationally handicapped. When an employee is certified as vocationally handicapped before commencing employment with an employer, the employer's liability is limited to benefits for fifty-two weeks. The only exception is set forth in MCL 418.905; MSA 17.237(905), which provides that "[a] certificate is not valid with an employer by whom the person has been employed within 52 weeks before issuance of the certificate." The statute does not contain an exception for circumstances where the Department of Education issues a certificate to a person who does not meet the requirements of MCL 418.901(a); MSA 17.237(901)(a) and MCL 418.905; MSA 17.237(905). The WCAC and the Court of Appeals thus erred in extending the principles of *Tracer* to allow the Second Injury Fund to challenge the validity of the certificate on the ground that the plaintiff was employed at the time she applied for it.

Reversed and remanded.

Justices CAVANAGH and KELLY would grant leave to appeal.

*Lacey & Jones* (by *Gerald M. Marcinkoski*) for the defendant-appellant.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Morrison R. Zack*, Assistant Attorney General, for the defendant-appellee.

PER CURIAM. This is a worker's compensation case in which the employer sought to take advantage of the limitation on its liability provided by the certification of plaintiff as vocationally handicapped under MCL 418.921; MSA 17.237(921). The Worker's Compensation Appellate Commission and the Court of Appeals have concluded that the employer is not entitled to the benefit of that provision because the

injured employee was not eligible for a vocationally handicapped certificate. We conclude that for the purposes of an employer's liability, the issuance of the vocationally handicapped certificate is controlling. We therefore reverse the judgment of the Court of Appeals.

I

Chapter 9 of the Worker's Compensation Disability Act contains the vocationally handicapped certification provisions. At the time applicable to this case, it defines a vocationally handicapped[1] person as follows:

> "Vocationally handicapped" means a person who has a medically certifiable impairment of the back or heart, or who is subject to epilepsy, or who has diabetes, and whose impairment is a substantial obstacle to employment, considering such factors as the person's age, education, training, experience, and employment rejection. [MCL 418.901(a); MSA 17.237(901)(a).]

The statute makes the Division of Vocational Rehabilitation of the Department of Education responsible for the certification process. Section 905 governs the application for such a certificate:

> An unemployed person who wishes to be certified as vocationally handicapped for purposes of this chapter shall apply to the certifying agency on forms furnished by the agency. The certifying agency shall conduct an investigation and shall issue a certificate to a person who meets the requirements for vocationally handicapped certification.

---

[1] Vocationally handicapped was the terminology used in the statute at the time applicable to this case. 1998 PA 74 changed the term to "vocationally disabled."

The certificate is valid for 2 calendar years after the date of issuance. After expiration of a certificate an unemployed person may apply for a new certificate. A certificate is not valid with an employer by whom the person has been employed within 52 weeks before issuance of the certificate. [MCL 418.905; MSA 17.237(905).]

Section 921 specifies the liability of the employer and the Second Injury Fund for benefits as a result of an injury to a person holding a vocationally handicapped certificate:

A person certified as vocationally handicapped who receives a personal injury arising out of and in the course of his employment and resulting in death or disability, shall be paid compensation in the manner and to the extent provided in this act, or in case of his death resulting from such injury, the compensation shall be paid to his dependents. The liability of the employer for payment of compensation, for furnishing medical care or for payment of expenses of the employee's last illness and burial as provided in this act shall be limited to those benefits accruing during the period of 52 weeks after the date of injury. Thereafter, all compensation and the cost of all medical care and expenses of the employee's last sickness and burial shall be the liability of the fund. The fund shall be liable, from the date of injury, for those vocational rehabilitation benefits provided in section 319. [MCL 418.921; MSA 17.237(921).]

II

Plaintiff Luella Brown had suffered a work-related injury in 1978 while working for another employer, and received worker's compensation benefits until 1985. She then began doing volunteer work for defendant Michigan Health Care Corporation (MHCC), while also working as a housekeeper for two individuals. In April 1989, she applied for a housekeeping job with

MHCC. Her application mentioned her current work as a housekeeper for one individual. MHCC suggested that she obtain vocationally handicapped certification under chapter 9.[2] The plaintiff did so, and was hired by MHCC in the spring of 1989. On April 8, 1992, she felt a "pop" in her back while picking up some trash. She filed a petition for worker's compensation benefits. MHCC brought the Second Injury Fund into the litigation under MCL 418.931; MSA 17.237(931).

Following a hearing, the magistrate concluded that the plaintiff was disabled by her April 1992 injury. Regarding the respective liability of MHCC and the Second Injury Fund, the magistrate concluded that MHCC was liable for continuing benefits and absolved the fund from liability. She pointed out that under MCL 418.905; MSA 17.237(905) an applicant for a vocationally handicapped certificate must be unemployed at the time of the application. In this case, the plaintiff was working as a housekeeper at the time she applied. Thus, she was not unemployed and was ineligible for the certificate.[3]

MHCC appealed, but the Worker's Compensation Appellate Commission affirmed. Relying on *Tracer v Southgate*, 184 Mich App 811; 459 NW2d 321 (1990),

---

[2] MCL 418.901 *et seq.*;  MSA 17.237(901) *et seq.*

[3] The magistrate also found that plaintiff was ineligible for the certificate on medical grounds. She noted that plaintiff did not claim any back disability on her employment application and denied any back problems or treatments for several years before April 1992. Thus, the magistrate concluded that the plaintiff

had no medical certifiable back impairment as an obstacle to her employment when she obtained certification. Rather, the obstacle was her prior worker's compensation claim for a long since resolved back injury.

and an unpublished opinion following *Tracer*,[4] the WCAC said:

> The Court of Appeals has told us unequivocally that employment is an absolute bar to valid certification, and, since we agree with the Magistrate that plaintiff's part-time employment as a housekeeper is "employment" within the meaning of the Act, we affirm her on this issue. [1998 Mich ACO 1028, 1034.]

III

MHCC filed an application for leave to appeal, which the Court of Appeals granted. However, the Court affirmed the WCAC finding that the fund was not liable for benefits.[5] Like the WCAC, the Court of Appeals relied on *Tracer v Southgate*. It explained:

> Under § 905, a person must be unemployed at the time of application to the certifying agency. *Tracer, supra* at 816. *Tracer* involved a plaintiff who began his employment and was subsequently certified as vocationally handicapped. The Court affirmed the WCAB's finding that he was never properly certified under § 905, so the defendant-employer was not protected from continuing liability under § 921:
>
> "Not only was plaintiff employed by the city within fifty-two weeks prior to the issuance of the certificate to him, he was also employed at the time he applied for the certificate on August 16, 1977. *Both* of these factors render the certificate invalid as to the city and, therefore, the city is not entitled to the limited liability provided for in § 921. [*Id.* (emphasis added).]"

---

[4] *Shannon v Muskegon Co*, unpublished opinion per curiam, issued February 7, 1997 (Docket No. 182973).

[5] Unpublished opinion per curiam, issued October 19, 1999 (Docket No. 211631).

Under *Tracer*, either factor—the plaintiff's previous employment with the defendant-employer, *or* the fact that the plaintiff was employed—renders the vocationally handicapped certification invalid. While plaintiff was not employed by defendant MHCC at the time she sought her vocational handicap certification, she was employed at that time, and this fact was known to MHCC. Nor does this result appear unfair; the MHCC should not be allowed to assert that it relied upon the certification when plaintiff applied for the certification at defendant-employer's urging and there was no evidence presented indicating that plaintiff suffered from an actual disability at the time she applied for the job.

IV

This case presents an issue of statutory construction, which we review de novo as a question of law. *Herald Co v Bay City*, 463 Mich 111, 117; 416 NW2d 873 (2000).

V

In *Tracer v Southgate, supra*, the plaintiff, who had a previous injury, was hired by the defendant city under a court order that he be given a 120-day trial period to determine if he was physically able to perform the job in question. He thereafter applied for a vocationally handicapped certificate, which was issued. The city submitted to the rehabilitation office the forms furnished by that agency indicating information such as the date the plaintiff's employment began.[6] Several years later, Tracer filed a petition for benefits, and the employer joined the Second Injury

---

[6] Under MCL 418.911; MSA 17.237(911), when a person holding a vocationally handicapped certificate obtains a job, the employer is to submit to the agency a form providing that information.

Fund. The referee granted benefits and held that the fund was liable for benefits beyond the then-applicable 104-week period provided by the statute. The Worker's Compensation Appeal Board affirmed in part, but found that the plaintiff was not validly certified as vocationally handicapped. The Court of Appeals affirmed, stating:

> As can be seen from the statute, a person must be unemployed at the time of application to the certifying agency, and a certificate is not valid with an employer by whom a person has been employed within fifty-two weeks before issuance of the certificate.
>
> We agree with the findings of the appeal board. Here, plaintiff was hired and commenced his employment with the city in July, 1977, and was not certified as vocationally handicapped until September 9, 1977. Not only was plaintiff employed by the city within fifty-two weeks prior to the issuance of the certificate to him, he was also employed at the time he applied for the certificate on August 16, 1977. Both of these factors render the certificate invalid as to the city and, therefore, the city is not entitled to the limited liability provided for in § 921. [184 Mich App 816.]

The result reached in *Tracer* was appropriate under the statute. At the time the plaintiff obtained the vocationally handicapped certificate, he was employed by the city. Under § 905, that made the certificate invalid with regard to that employer.

However, the Court of Appeals statement that Tracer was not entitled to the certificate because he was employed at the time is dicta not affecting the result in the case. While it is true that the statute provides that an "unemployed" person may apply for a certificate, it is the Department of Education that is directed to investigate the application. The statute grants the Department of Education the authority to

certify a person as vocationally handicapped. MCL 418.901(b); MSA 17.237(901)(b), MCL 418.905; MSA 17.237(905). When an employee was "certified as vocationally handicapped" before commencing employment with the employer, the employer's liability is limited to benefits for fifty-two weeks. MCL 418.921; MSA 17.237(921). The only exception is set forth in MCL 418.905; MSA 17.237(905), which provides that "[a] certificate is not valid with an employer by whom the person has been employed within 52 weeks before issuance of the certificate." The statute does not contain an exception for circumstances where the Department of Education issues a certificate to a person who does not meet the requirements of MCL 418.901(a); MSA 17.237(901)(a) and MCL 418.905; MSA 17.237(905).

The WCAC and the Court of Appeals thus erred in extending the principles of *Tracer* to allow the Second Injury Fund to challenge the validity of the certificate on the ground that the plaintiff was employed at the time she applied for it.[7] Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Worker's Compensation Appellate Commission for entry of an appropriate order in accordance with this decision. In light of our disposition of

---

[7] We also believe that the worker's compensation magistrate erred in invalidating the vocationally handicapped certificate after it had been issued by the Department of Education's Division of Vocational Rehabilitation. Although MCL 418.931(5); MSA 17.237(931)(5) grants authority to the magistrate to determine "the respective liability of the employer and the fund" regarding a certified vocationally handicapped person, the Worker's Compensation Disability Act confers no authority upon the magistrate to second-guess the Department of Education once it has conducted its investigation, as required under § 905, and has determined that the applicant meets the requirements for vocationally handicapped certification.

this issue, it is unnecessary to reach the other issues raised by the employer.

WEAVER, C.J., and TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ. We would grant leave to appeal.