**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 12, 2002**

LAPEER COUNTY CLERK and MICHIGAN
ASSOCIATION OF COUNTY CLERKS,

    Plaintiffs-Appellees,

v                                                       118091

LAPEER CIRCUIT JUDGES,

    Defendants-Appellees,

and

LAPEER COUNTY,

    Defendant-Appellant.

_____

LAPEER COUNTY CLERK and MICHIGAN
ASSOCIATION OF COUNTY CLERKS,

    Plaintiffs-Appellees,

v                                                       118102

LAPEER CIRCUIT JUDGES,

    Defendants-Appellants,

and

LAPEER COUNTY,

    Defendant-Appellee.

_____

PER CURIAM

The plaintiffs filed this superintending control action challenging the Lapeer Circuit Court's plan for the operation of the family division of the circuit court. The Court of Appeals granted part of the relief sought, finding that the plan improperly denied the county clerk the right and duty to function as clerk of the court for the family division. We conclude that the Court of Appeals lacked jurisdiction of the superintending control action, and reverse.

I

In 1996 PA 388, the Legislature created the family division of the circuit court. See MCL 600.1001 *et seq.*, effective January 1, 1998. The act consolidated in the family division jurisdiction of many types of proceedings formerly heard in the circuit court and the probate court. See MCL 600.1021.

MCL 600.1011(1) provides for the development of a plan for the operation of the family division in each judicial circuit:

> Not later than July 1, 1997, in each judicial circuit, the chief circuit judge and the chief probate judge or judges shall enter into an agreement that establishes a plan for how the family division will be operated in that circuit . . . .

On February 25, 1997, this Court issued Administrative Order No. 1997-1, entitled "Implementation of the Family Division of the Circuit Court." The order required all chief

circuit and probate judges to "develop a plan for the implementation and operation of the family division, and to identify the manner in which services will be coordinated to provide effective and efficient services to families by the family division of the circuit court." Chief judges were required to seek input from judges, court staff, and other entities providing service to families within the jurisdiction or who will be affected by the operation of the family division. The order required filing of plans with the State Court Administrative Office and approval by that office before implementation.

According to the affidavit of the chief judge of the Lapeer Circuit Court, he followed the implementation directive and met with the judges in the circuit. It was agreed that the family division would be staffed with the employees of the probate court, who were trained in and accustomed to dealing with juvenile cases and other matters formerly within the jurisdiction of the probate court. To implement the plan, Local Administrative Order No. 2000-1 was adopted on February 2, 2000, providing:

> In order to implement the changes required by the legislation creating the Family Division of the Circuit Court (PA 374 and 388 of 1996), to enhance and clarify the procedures to be followed in the new Family Court, to clarify the role of the County Clerk in the operations of the Family Court, to merge the procedures previously followed in juvenile, child protective proceedings and ancillary proceedings into the Family Court, to maintain the Court's data entry system, and to

3

adopt new procedures for efficient administration of the Family Court, the Court issues the following administrative order:

1.   The County Clerk will continue to accept pleadings, maintain files and complete entries into the Court's data system in all domestic cases and PPOs and shall be responsible for the care and maintenance of those records.

2.   The Family Court staff will continue to accept filings, maintain files, prepare orders and complete entries into the Court's data system in all juvenile cases, child protective proceedings, name changes, adoptions, and ancillary proceedings and shall be responsible for the care and maintenance of those records.

3.   The Family Court staff will be responsible for scheduling all juvenile cases, child protective proceedings, name changes, adoptions, and ancillary proceedings.  In addition, the Family Court staff will be responsible for making referrals, scheduling hearings, preparation of orders and arranging pretrials and trials in domestic cases. The Family Court staff will make appropriate entries into the Court's data systems of these proceedings.

4.   The County Clerk staff will continue to manage the motion day dockets, no-progress docket and non-service dismissals in domestic cases.  The County Clerk staff will continue to attend the domestic motion docket sessions of the Family Court and make appropriate entries into the Court's data system of those proceedings.

5.   The Family Court staff shall continue to be responsible for all filing fees, receipts, disbursements and accountings for support payments, restitution, administrative and program fees, and child care funds received in juvenile cases, child protective proceedings, name changes, adoptions and ancillary proceedings.  The County Clerk shall continue to accept all filing fees in domestic cases for the Family Court.

6.   Local Administrative Order 1999-02 is hereby rescinded and replaced by this order.

4

This order is issued pursuant to MCR 8.112 and will be effective upon approval by the State Court Administrator. The matters covered in this order will be reviewed on an ongoing basis and this order will expire on December 31, 2000, unless extended by order of the Court.

On February 9, 2000, the Acting Director of Trial Court Services for the State Court Administrative Office advised the circuit court that

> we have reviewed the above referenced Administrative Order and find that it conforms with the requirements of MCR 8.112(B). This order is being accepted and filed until advised by your court of any change.

II

The Lapeer County Clerk and the Michigan Association of County Clerks filed this original action in the Court of Appeals requesting a writ of superintending control. Their complaint alleged, among other things:

> 17. The Court's Administrative Order, No. 2000-01 violates Michigan's Constitution, laws, and court rules by preventing the Clerk from performing her constitutional and statutorily mandated duties. Specifically, by issuing and implementing Administrative Order No. 2000-01, the Court usurped the Clerk's constitutional and statutory duties with respect to Paragraphs 2, 3, and 5 of the Order.

> * * *

> 18. Both family division judges in Lapeer County (Judges Preisel and Higgins) prohibit the County Clerk from performing her circuit court duties with respect to juvenile matters by preventing her from opening new cases, maintaining the care and custody of the court records, entering data into the Court's JIS system, performing court room functions, preventing the Clerk from assisting

5

the public as well as other judicial staff and employees, and accounting for the court's finances.

*   *   *

20.  Judges Higgins and Preisel further refuse to allow the County Clerk to perform as Clerk of the circuit court with respect to trials.

Plaintiffs' complaint requested the Court of Appeals to declare unlawful the Lapeer Circuit Court administrative order, and to direct the judges of the family division of the Lapeer Circuit Court to comply with Const 1963, art 6, § 14, statutes, and court rules by permitting the county clerk to perform her legal authorized duties as clerk of the court for the family division of the circuit court.[1]

Lapeer County intervened as a party defendant, and the defendants filed motions to dismiss, arguing that the Court of Appeals lacked subject matter jurisdiction. The circuit court also claimed that the clerks' association lacked standing and that plaintiffs' complaint failed to state a claim on which relief could be granted.

The Court of Appeals rejected defendants' argument that it lacked subject matter jurisdiction and granted superintending control. The Court of Appeals declared unlawful those portions of Local Administrative Order No. 2000-01 that direct family court staff, rather than the county clerk, to perform the duties assigned to the county clerk by

---

[1] MCL 600.1007 designates the county clerk as the clerk of the court for the family division.

6

statute or court rule, and directed the judges of the family division to permit the county clerk to perform those duties assigned her by statute or court rule as a clerk of the court for the family division. It declared lawful the remaining portions of the administrative order, and dismissed the clerks' association's claims for lack of standing.[2]

The circuit court and the county filed applications for leave to appeal. After staying the precedential effect of the Court of Appeals opinion, we granted leave to appeal, limited to the issue: "[W]hether the Court of Appeals had subject matter jurisdiction over the complaint for superintending control . . . ."[3]

### III

In this case, the issue of subject matter jurisdiction turns on questions of interpretation of statutes and court rules, which we review de novo. *Hazle v Ford Motor Co*, 464 Mich 456, 461; 628 NW2d 515 (2001); *Brown v Michigan Health Care Corp*, 463 Mich 368, 374; 617 NW2d 301 (2000); *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998).

---

[2] *In re Lapeer Co Clerk*, 242 Mich App 497; 619 NW2d 45 (2000).

[3] 463 Mich 969 (2001). The order held the remaining issues raised in the applications in abeyance pending resolution of the jurisdictional question. In light of our conclusion that the Court of Appeals lacked jurisdiction, it is unnecessary to reach those issues, and in those respects the applications are denied as moot.

Const 1963, art 6, § 10, provides the basis for the jurisdiction of and procedure in the Court of Appeals:

> The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court.

In addition to the appellate jurisdiction granted by MCL 600.308, the Court of Appeals is authorized to hear certain original actions. MCL 600.310 provides:

> The court of appeals has original jurisdiction to issue prerogative and remedial writs or orders as provided by rules of the supreme court, and has authority to issue any writs, directives and mandates that it judges necessary and expedient to effectuate its determination of cases brought before it.

In several court rules, we have exercised that statutory authority to enable the Court of Appeals to exercise superintending control jurisdiction.[4] MCR 3.302 is the general jurisdictional provision applicable to all courts with superintending control jurisdiction:

---

[4] MCR 3.302 makes superintending control the general form of proceeding for control of lower courts and tribunals:

> (A) Scope. A superintending control order enforces the superintending control power of a court over lower courts or tribunals.

> * * *

> (C) Writs Superseded. A superintending control order replaces the writs of certiorari and prohibition and the writ of mandamus when directed to a lower court or tribunal.

(D) Jurisdiction.

(1) The Supreme Court, the Court of Appeals, and the circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals. In this rule, the term "circuit court" includes the Recorder's Court of the City of Detroit[5] as to superintending control actions of which that court has jurisdiction.

(2) When an appeal in the Supreme Court, the Court of Appeals, the circuit court, or the recorder's court is available, that method of review must be used. If superintending control is sought and an appeal is available, the complaint for superintending control must be dismissed.

MCR 7.203 is the specific provision regarding the Court of Appeals authority to issue such orders:

(C) Extraordinary Writs, Original Actions, and Enforcement Actions. The [C]ourt [of Appeals] may entertain an action for:

(1) superintending control over a lower court or a tribunal immediately below it *arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals* . . . . [Emphasis added.]

This limitation on the superintending control authority of the Court of Appeals is in contrast to the far broader superintending control power given by the constitution to the Supreme Court and the circuit court:

*The supreme court shall have general superintending control over all courts;* power to issue, hear and determine prerogative and remedial writs; and appellate jurisdiction as provided by rules of the supreme court. The supreme court shall not have the power to remove a judge. [Const 1963, art 6, § 4 (emphasis added).]

---

[5] The Recorder's Court for the city of Detroit was abolished by 1996 PA 374.

9

*The circuit court shall have* original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; *supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court;* and jurisdiction of other cases and matters as provided by rules of the supreme court. [Const 1963, art 6, § 13 (emphasis added).]

The case law interpreting the predecessor court rules had recognized this distinction between the superintending control authority of the Supreme Court and circuit court on the one hand, and the Court of Appeals on the other. As we said in *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 680-681; 194 NW2d 693 (1972):

The Supreme Court has by GCR 1963, 711 provided that the Court of Appeals has the power to issue superintending control orders which are in the nature of *certiorari*, mandamus and prohibition.[6]

---

[6] Later in the *Genesee Prosecutor* opinion we briefly explained the nature of these common-law writs, which contemplate intervention by the higher court in a particular action or proceeding:

The writ of *certiorari* is for review of errors of law and our inquiry is limited to determining "if the inferior tribunal, upon the record made, had jurisdiction, whether or not it exceeded that jurisdiction and proceeded according to law." *In re Fredericks*, 285 Mich 262, 267 [280 NW 464] (1938). In [*People v*] *Flint Municipal Judge* [383 Mich 429; 175 NW2d 750 (1970)], we noted that mandamus would lie to require the magistrate to perform a clear legal duty. Here it is contended that the judge acted without jurisdiction and therefore has a clear legal duty to vacate the

(continued...)

This superinding control has nothing to do with the general supervisory superinding control over all courts given to the Supreme Court by art 6, § 4 of the 1963 Constitution or the supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the Supreme Court, given the circuit courts by art 6, § 13 of the 1963 Constitution.

No general control of inferior courts exists in the Court of Appeals.[7]

That principle was also recognized in *Morcom v Recorder's Court Judge*, 15 Mich App 358, 360; 166 NW2d 540 (1968):

[W]e are persuaded that the Supreme Court has delegated to us only the power to issue such writs in respect of a particular error in an actual case and controversy, and that we have not been delegated superinding control over the general practices of an inferior court or any judge thereof.

In sum, then, this Court has general system-wide superinding control over the lower courts, whereas, in contrast, the Court of Appeals only has superinding control in an actual case.

---

[6] (...continued)
guilty plea and reinstate the criminal proceedings as filed in the information. The writ of prohibition is a common-law remedy designed to prevent excesses of jurisdiction. It is a proper remedy where the court exceeds the bounds of its jurisdiction or acts in a matter not within its jurisdiction. *Hudson v Judge of Superior Court*, 42 Mich 239, 248 [3 NW 850] (1879). [386 Mich 681].

[7] GCR 1963, 711, the predecessor of MCR 7.203(C), did not include the limiting language of current subrule (C)(1). The addition of that language in 1985 incorporates our decision in *Genesee Prosecutor*.

11

V

The Court of Appeals opinion cites a number of cases for the proposition that superintending control is an appropriate procedure to review the general practices of a lower court. Some include general language to the effect that the Court of Appeals, like the Supreme Court and the circuit court, has the power to issue superintending control orders, e.g., *Lockhart v 36th Dist Judge*, 204 Mich App 684; 516 NW2d 76 (1994); *In re Lafayette Towers*, 200 Mich App 269; 503 NW2d 740 (1993). However, none of those cases supports the conclusion that the Court of Appeals has superintending control jurisdiction over the *general practices* of the circuit court.

All the cases cited by the Court of Appeals fall into one of three categories. Most are cases in which an action was filed in the circuit court seeking exercise of that court's superintending control authority over a lower court or tribunal, e.g., *In re Lafayette Towers, supra; Lockhart, supra; Saginaw Library Bd v Judges of the 70th Dist Court*, 118 Mich App 379; 325 NW2d 777 (1982); *Cahill v 15th Dist Judge*, 393 Mich 137; 224 NW2d 24 (1974). One of the cases was brought in the Supreme Court seeking superintending control over the circuit court. *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110; 503 NW2d 885 (1993). The remaining cases involved actions filed in the Court of Appeals seeking to invoke the limited superintending control

jurisdiction of that Court over the actions of the circuit court (or Recorder's Court) in a particular case, as permitted by MCR 7.203(C)(1). *Frederick v Presque Isle Co Circuit Judge*, 439 Mich 1; 476 NW2d 142 (1991) (an action by an appointed attorney seeking compensation);[8] *Genesee Prosecutor*, *supra* (an action by a prosecuting attorney claiming the circuit court lacked authority to accept a guilty plea to an uncharged offense over the prosecutor's objection); *Wayne Co Prosecutor v Recorder's Court Judge (On Remand)*, 167 Mich App 282; 421 NW2d 665 (1988) (an action by a prosecutor challenging the circuit court's granting of a new trial in a criminal case).

---

[8] Both the plaintiffs and the Court of Appeals rely heavily on language in *Frederick*, in which we held that the Court of Appeals should have exercised superintending control over the circuit court. However, *Frederick* merely stands for the proposition that superintending control is an appropriate remedy for a court with jurisdiction to exercise authority over a lower court when an appeal is not available. In fact, *Frederick* and our decision in *Recorder's Court Bar Ass'n* well illustrate the differing superintending control jurisdiction of this Court and the Court of Appeals. Each case involved a challenge to action by the lower court regarding the payment of fees to appointed counsel. In *Frederick*, the plaintiff sought payment for the services that he provided in a particular case. Because the dispute arose out of a particular action in circuit court, the Court of Appeals had authority to exercise superintending control under MCR 7.203(C)(1). By contrast, in *Recorder's Court Bar Ass'n*, the plaintiffs challenged the fee schedule for appointed counsel jointly established by the Wayne Circuit and Detroit Recorder's Courts. Because the challenge was to the general practices of the lower courts, only this Court had jurisdiction, and the case was properly filed here.

13

Despite this consistent line of authority, the Court of Appeals concluded that it could exercise superintending control jurisdiction in this case. It said:

> Pursuant to Const 1963, art 6, § 4 "[t]he supreme court shall have general superintending control over all courts . . . ." In contrast, "[n]o general control of inferior courts exists in the Court of Appeals." *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672, 681; 194 NW2d 693 (1972). Nonetheless, by operation of Const 1963, art 6, § 10, MCL 600.310; MSA 27A.310, MCR 3.302, and MCR 7.203(C) this Court has subject-matter jurisdiction to issue writs of superintending control to lower courts and tribunals in those limited cases in which (1) the general practices of the inferior court or tribunal are contrary to a clear legal duty, (2) there is no other adequate remedy, and (3) *an action or proceeding could have been brought in the lower court or tribunal that, when concluded, would result in an order appealable to the Court of Appeals.* [242 Mich App 514-515 (emphasis added).]

The Court of Appeals reasoned that the plaintiffs *could* have brought an action in the circuit court for a declaratory judgment or *could* have challenged the local administrative order in individual actions in the family division:

> In regard to the present controversy, plaintiff Marlene M. Bruns could have filed a complaint for a declaratory judgment in the circuit court challenging, in a specific case or cases, her displacement as clerk of the court for the family division of the circuit court. See MCR 2.605.
>
> * * *
>
> In the instant action, defendant circuit court admitted in its answer that "Judges Preisel and Higgins refused to allow the county clerk to perform the clerical duties of the circuit court with respect to trials in the family division" and have refused to allow the county clerk "to perform

14

duties such as opening new cases, maintaining the care and custody of court records, entering data in the court's JIS system, performing other courtroom functions, and for accounting for the finances with regard to juvenile matters under the jurisdiction of the family division of the circuit court." In view of these admissions, we conclude that plaintiff Bruns could have challenged, in specific cases, the refusal of the circuit court to allow her to perform her legally authorized duties by filing a complaint for declaratory relief in the circuit court. [242 Mich App 511-512].

The Court of Appeals concluded:

We hold plaintiffs' complaint for a writ of superintending control is within the subject-matter jurisdiction of this Court because the criteria set forth in the court rules have been met. [242 Mich App 515].

The Court of Appeals analysis fails on a fundamental level. It concludes that it is sufficient if the party *could* have filed an action that would have been appealable to the Court of Appeals. However, the Court cited no authority whatsoever for that proposition, and it is plainly contrary to MCR 7.203(C)(1), which requires that the Court of Appeals may entertain an action for superintending control *arising out of an action* in the lower court or tribunal. Here, there was no action pending in the Lapeer Circuit Court.[9]

---

[9] Moreover, the Court of Appeals conclusion that the plaintiffs could have sought a declaratory judgment in a circuit court action is both speculative and highly questionable. The declaratory judgment rule merely provides an additional remedy that a party may seek; it does not create a basis for jurisdiction. MCR 2.605 provides:

(A) Power to Enter Declaratory Judgment.

(continued...)

15

VI

It may well be that an action for superintending control is the proper means for the county clerk to challenge the validity of the circuit court's administrative order.  If so, however, only this Court has jurisdiction to entertain such an action.  That conclusion is reinforced by the fact that the circuit court's plan for the family division was adopted pursuant to our Administrative Order No. 1997-1, which directed that circuit courts prepare implementation plans and submit them to the State Court Administrative Office for approval.  In these circumstances, the circuit court's challenged practices were intertwined with our supervisory

---

[9] (...continued)

(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

(2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

The county clerk could not have brought a circuit court action on the claim made in this case.  Such an action would have sought superintending control over the general practices of the circuit court, but, under Const 1963, art 6, § 13, the circuit court only has superintending control jurisdiction over *lower* courts.  Also, contrary to the Court of Appeals suggestion, the county clerk could not have raised the question of the validity of Local Administrative Order No. 2000-1 in a case pending in the family division because the clerk would not be an interested party in such a proceeding.

control over the court system, making it particularly inappropriate for the Court of Appeals to intervene to review the circuit court's plan.[10]

The Court of Appeals lacked jurisdiction to issue an order of superintending control to the circuit court regarding its plan for the implementation of the family division. Accordingly, the judgment of the Court of Appeals is reversed.[11]

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[10] On its face, the Court of Appeals decision in this case is limited to the Lapeer circuit plan. However, the published decision would affect practices in other circuits as well. See MCR 7.215(C)(2), (I)(1).

[11] After oral argument, amicus curiae Michigan Judges Association filed a motion for leave to file a supplemental brief. That motion is denied as moot.

17