*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ESTATE OF JAMES ERWIN.

| | |
|---|---|
| BEATRICE KING and L. FALLASHA ERWIN, | UNPUBLISHED |
| | May 7, 2020 |
| Appellants, | |
| v | No. 346678 |
| | Saginaw Probate Court |
| SHINNERS & COOK, PC, | LC No. 13-130558-DE |
| Appellee. | |

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Appellants, Beatrice King and L. Fallasha Erwin, appeal by right an order of the Saginaw Probate Court denying appellants' request for attorney fees and costs against appellee, Shinners & Cook, P.C., and an order denying appellant's motion for rehearing. We affirm.

## I. FACTUAL BACKGROUND

The Estate of James Erwin has been the subject of several prior appeals before this Court. James Erwin died intestate and was survived by his spouse, Maggie Erwin, and 10 children. James and Maggie's daughter, Stacy Erwin Oakes, supported Maggie in her petition to be recognized as James's surviving spouse, a claim in which Maggie was eventually successful. On May 28, 2015, the probate court ordered appellants to pay the attorney fees of Maggie and Erwin Oakes. In July 2015, Erwin Oakes moved for attorney fees, and on September 4, 2015, the probate court found in an opinion that Erwin Oakes's request was "appropriate and reasonable." On September 15, 2015, appellants filed a claim of appeal from the probate court's "order" awarding attorney fees. On October 16, 2015, the probate court ordered payment of $12,905.27 in attorney fees to Erwin Oakes and her counsel. Appellants then filed a motion for rehearing and motion for stay, which the probate court eventually denied on December 22, 2015.

In the meanwhile, on November 17, 2015, appellee filed writs of garnishment against appellants' bank accounts. Both writs asserted that Erwin Oakes had received a judgment of

$12,905.27 on September 4, 2015, and were payable to appellee. On January 11, 2016, L. Fallasha wrote a letter to appellee's counsel in which he stated that appellee had used a "false" date and that the order had not been finalized because it was subject to a motion for rehearing. Following several motions for rehearing, attempts to appeal, and a delayed application for leave to appeal to the circuit court, the circuit court held that the writs of garnishment should not have been executed before the probate court's order denying rehearing, it ordered the writs set aside, and it remanded to the probate court. Appellants moved in the circuit court for attorney fees, but the circuit court stated that it lacked jurisdiction because it had remanded the case.

Appellants moved for attorney fees in the probate court on the basis that appellee had violated its duties to conduct a factual inquiry into the writs of garnishment before signing them because the writs falsely stated that Erwin Oakes had received a judgment on September 4, 2015, and the writs were issued while a stay was in effect. Ultimately, the probate court ruled that appellants had not met their burden to establish an entitlement to attorney fees because, from the evidence presented, it could not determine whether appellants' request was consistent with the prevailing rates in the community. Accordingly, it denied appellants' request for attorney fees.

## II. PROPRIETY OF THE WRITS OF GARNISHMENT

Appellants assert that appellee's applications for writs of garnishment were invalid because appellee used a false date.[1] Appellee asserts that this Court does not have jurisdiction over this issue in appellants' present appeal by right. We agree with appellee.

This Court reviews de novo whether this Court has subject-matter jurisdiction to hear an appeal. *Lapeer Co Clerk v Lapeer Circuit Judges*, 465 Mich 559, 566; 640 NW2d 567 (2002). This Court does not have jurisdiction of an appeal of right from a final order of the circuit court "on appeal from any other court or tribunal[.]" MCR 7.203(A)(1)(a). However, this Court may grant leave to appeal from "a final judgment entered by the circuit court on appeal from any other court[.]" MCR 7.203(B)(2).

On March 3, 2016, appellants filed a claim of appeal in this Court from the probate court's March 3, 2016 garnishment order. This Court dismissed appellants' appeal for lack of jurisdiction because the probate court's order was not a final order appealable by right. *In re Erwin Estate*, unpublished order of the Court of Appeals, entered April 6, 2016 (Docket No. 331846). We noted that appellants could file a delayed application for leave to appeal in the Saginaw Circuit Court. *Id.* The Saginaw Circuit Court granted appellants' delayed application for leave to appeal but concluded that any issues regarding the propriety of the writs of garnishment were not properly before it because appellants had not raised those issues in the application. Because a decision on an issue related to the propriety of the writs of garnishment would arise from the circuit court's decision on appeal from the probate court, we conclude that we do not have jurisdiction over this issue by right.

---

[1] We note that the allegedly false date is the date of the September 4, 2015 opinion from which appellants appealed in Docket No. 329264.

While we could exercise discretion to treat appellants' appeal as an application for leave to appeal, grant leave, and address the issues presented on their merits, see *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012), we decline to do so in this case. In March 2019, this Court remanded for the probate court to explain its May 28, 2015 order awarding attorney fees. *In re Erwin Estate*, unpublished per curiam opinion of the Court of Appeals, issued March 7, 2019 (Docket No. 331690), p 5. On remand, the probate court reversed its decision, and this Court affirmed. *In re Erwin Estate*, unpublished order of the Court of Appeals, entered July 26, 2019 (Docket No. 331690). Because the writs of garnishment rested on an attorney-fee order that has since been overturned, this issue appears to be moot. See *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018).

## III. ATTORNEY FEES

Appellants argue that the probate court erred by refusing to grant their request for attorney fees because they met the same legal standard that appellee had in its prior request for attorney fees and that the probate court's decision not to award them fees demonstrated bias. We reject these arguments.[2] While the probate court applied different standards to appellee's and appellants' motions for attorney fees, the probate court did not err by doing so because the legal standards had changed between the parties' motions.

This Court reviews for an abuse of discretion the trial court's decision to impose sanctions. *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 677; 816 NW2d 464 (2012). The trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.*

This Court reviews unpreserved claims of judicial bias for plain error affecting a party's substantial rights. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). To preserve an issue of judicial bias, a party must raise the claim before the trial court. *Id.* at 597. While appellants argue that they raised a judicial bias claim before the probate court in 2015, that bias claim related to a different issue. Generally, the appellant must challenge the issue on the same grounds as he or she challenges it on appeal to preserve the issue. *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). Because appellants have not raised this specific bias claim before the probate court, we conclude that it is not preserved and will review the claim for plain error.

In this case, appellee moved for attorney fees in 2015, supporting that motion with billing statements and an affidavit of appellee's attorney. The probate court granted that motion. On

---

[2] Appellants also argue that the probate court should have ruled that appellee wrongly signed the writs of garnishment because they contained an incorrect date and that appellee signed the writs of garnishment without the knowledge of Erwin Oakes. We decline to consider these issues because they do not address the basis of the probate court's decision. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004). The basis for the probate court's decision was its ruling that appellants had not provided sufficient evidence from which it could determine whether the fee request was reasonable.

-3-

July 2, 2018, the Michigan Supreme Court decided *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008). The Michigan Supreme Court stated that the first step to determine attorney fees is to multiply the reasonable hourly rate by the number of reasonable hours billed. *Id*. at 533. To determine the fee customarily charged in the locality, "trial courts have routinely relied on data contained in surveys such as the Economics of the Law Practice Surveys that are published by the State Bar of Michigan." *Id*. at 530. The Court heavily emphasized the importance of using objective data, such as the Bar survey, as a baseline. See *id*. at 531-532.

On September 6, 2018, appellants moved in the probate court for attorney fees and costs related to the writs. Appellants attached only L. Fallasha's credentials and a request for $30,785 to the motion—appellants did not attach any information from which the probate court could determine whether L. Fallasha's billing rate was reasonable. While appellants argue that they did in fact provide this information, appellants' argument mischaracterizes the record. Appellants provided this information in their motion for reconsideration. However, the trial court need not consider new evidence presented in a motion for reconsideration. *Yoost v Caspari*, 295 Mich App 209, 219; 813 NW2d 783 (2012). At the time of the probate court's decision to reject appellants' request for attorney fees, the court's decision neither fell outside the range of reasonable and principled outcomes nor demonstrated bias.

Appellants argue that the probate court also demonstrated bias against them by ruling against them on their motion for stay. Generally, this Court will not find bias simply because the trial court ruled against a party, even when its rulings are erroneous. *Mahlen Land Corp v Kurtz*, 355 Mich 340, 350; 94 NW2d 888 (1959). A judicial ruling constitutes a basis for a finding of bias only if the ruling displays favoritism or antagonism. *Jackson*, 292 Mich App at 598. Our review of the record indicates that the probate court's rulings did not display favoritism. Therefore, we reject appellants' argument.

Next, appellants argue that the probate court erred by denying their motion for rehearing because they demonstrated that the probate court had been misled or per se abused its discretion when it applied different standards to the motions of appellants and appellee. As previously discussed, the probate court's application of different standards was mandated by caselaw, and the probate court was not required to consider the additional evidence that appellants attached to their motion for rehearing.

Finally, appellants argue that the probate court erred by ruling that appellants had not served their attorney-fee motion on all interested parties. As an alternative basis for its decision, the probate court noted that appellants had not served their notice on all interested parties. Because the primary basis for the probate court's decision was not erroneous, we decline to address this issue.

Affirmed.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan